___

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No. 5:26-cv-00915-FWS-SSC Date: March 2, 2026
Title: Akmal Salokhitdinov v. Joshua Jhonson *et al.*

___

Present: **HONORABLE FRED W. SLAUGHTER, UNITED STATES DISTRICT JUDGE**

| Rolls Royce Paschal | N/A |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorneys Present for Petitioner: | Attorneys Present for Respondents: |
|---|---|
| Not Present | Not Present |

**PROCEEDINGS: (IN CHAMBERS) ORDER GRANTING IN SUBSTANTIAL PART PETITIONER'S *EX PARTE* APPLICATION FOR A TEMPORARY RESTRAINING ORDER [3]**

 Petitioner Akmal Salokhitdinov brings this Petition for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 against Respondent Joshua Johnson, Warden of the Adelanto ICE Processing Center ("Johnson"); Respondent Kristi Noem, Secretary of the United States Department of Homeland Security ("DHS"); Respondent DHS; Respondent Executive Office For Immigration Review; Respondent Daren K. Margolin, Director of the Executive Office for Immigration Review; Respondent Pamela Bondi, Attorney General of the United States; Respondent Todd Lyons, Acting Director of United States Immigration and Customs Enforcement ("ICE"); and Respondent Ernesto Santacruz, Director of the Los Angeles Field Office (collectively, "Respondents"). (Dkt. 1 ("Pet.").) Before the court is Petitioner's *Ex Parte* Application for a Temporary Restraining Order. (Dkts. 3; 4 ("Application").) Petitioner seeks a court order ordering Respondents to provide him with an individualized bond hearing within seventy-two hours or ordering Petitioner's immediate release. (*Id.* at 23.) Respondents filed an opposition to the Application. (Dkt. 7 ("Opp.").) The court finds this matter appropriate for resolution without oral argument. *See* Fed. R. Civ. P. 78(b) ("By rule or order, the court may provide for submitting and determining motions on briefs, without oral hearings."); C.D. Cal. L.R. 7-15 (authorizing courts to "dispense with oral argument on any motion except where an oral hearing is required by statute"). Based on the record, as applied to the applicable law, the Application is **GRANTED IN SUBSTANTIAL PART**.

 Petitioner contends that he is currently detained at the Adelanto ICE Processing Center and has not received a bond hearing despite his entitlement to one under 8 U.S.C. § 1226(a).

___

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No. 5:26-cv-00915-FWS-SSC  Date: March 2, 2026
Title: Akmal Salokhitdinov v. Joshua Jhonson *et al.*

(Pet. ¶¶ 30-33.) Respondents acknowledge that Petitioner "appears to be a member of the Bond Eligible Class certified in *Maldonado Bautista v. Santacruz*, No. 5:25-CV-01873-SSS-BFM, --- F. Supp. 3d ---, 2025 WL 3288403 (C.D. Cal. Nov. 25, 2025) reconsideration granted in part, --- F. Supp. 3d ---, 2025 WL 3713982 (C.D. Cal. Dec. 18, 2025), and amended and superseded on reconsideration, --- F. Supp. 3d ---, 2025 WL 3713987 (C.D. Cal. Dec. 18, 2025)." (Opp. at 2.) Respondents further state that, "to the extent Petitioner would be entitled to any remedy via" the Application, "at most it would be ordering a bond hearing to be held before an Immigration Judge under Section 1226(a)." (*Id.*) The court has granted temporary restraining orders in similar circumstances and ordered that petitioners receive a bond hearing within seven days. *See, e.g.*, *Ana Maria Gaviria Lora v. Warden of GEO Grp., Inc. et al.*, 2026 WL 127608, at *4 (C.D. Cal. Jan. 9, 2026) (Slaughter, J.); *Engonga v. Noem*, 2025 WL 3764077, at *3-4 (C.D. Cal. Dec. 23, 2025) (Slaughter, J.); *Ajqui v. Noem*, 2025 WL 4058281, at *6 (C.D. Cal. Nov. 10, 2025) (Slaughter, J.). The court adopts its prior reasoning here and finds that Petitioner adequately demonstrates that he is entitled to a bond hearing within 7 days—a point that Respondents do not dispute. (*See* Opp. at 1-2.)

For the foregoing reasons, the Application is **GRANTED IN SUBSTANTIAL PART.** The court **ORDERS** that Respondents are **ENJOINED** from continuing to detain Petitioner unless Petitioner is provided an individualized bond hearing before an immigration judge pursuant to 8 U.S.C. § 1226(a) on or before **March 9, 2026, at 5:00 p.m.** If Petitioner is not provided a bond hearing in accordance with this Order, Respondents are **ORDERED** to release Petitioner from custody on or before **March 9, 2026, at 5:00 p.m.** Further, Respondents are further **ORDERED** to show cause in writing on or before **March 13, 2026,** as to why the court should not issue a preliminary injunction in this case. Petitioner may file a response on or before **March 16, 2026, at 10:00 a.m.** The court sets a hearing on whether a preliminary injunction should issue on **March 19, 2026, at 10:00 a.m., in Courtroom 10D.**

**IT IS SO ORDERED.**